PER CURIAM.
The defendant Michael Valiente appeals multiple felony convictions and a general sentence of life imprisonment which were entered against him after an adverse jury verdict. The sole points on appeal relate to the entry of the written judgment of guilt and the imposition of sentence. We agree with the defendant’s arguments, reverse the written judgment of conviction and sentence, and remand for further proceedings.
First, as conceded by the state, there are numerous scrivener’s errors with respect to the judgment of conviction in that such judgment does not conform to the jury verdict in this case. Said judgment is therefore reversed and the cause is remanded to the trial court with directions to enter a judgment of conviction for:
Count I Robbery
First degree felony
Counts II, III, IV, V and VI
Kidnapping life felony
Count VII Burglary of a dwelling
Second degree felony
Second, as conceded by the state, the life sentence imposed below as a general sentence as to all counts on which the defendant was convicted was illegal and *1295 must be vacated. It is well settled that a separate sentence on each count for which the defendant is convicted must be imposed. Dorfman v. State, 351 So.2d 954 (Fla.1977); Alvarez v. State, 592 So.2d 1213 (Fla. 3d DCA 1992) (where trial court imposed one sentence for two counts, sentence must be vacated since “[gjeneral sentences for multiple convictions are not proper.”). Beyond that, the life sentence herein was improperly imposed under the habitual violent felony offender statutory provisions [§ 775.084(l)(b), (4)(b), Fla.Stat. (1989) ] for two reasons: (a) the trial court imposed the life sentence under circumstances which do not clearly indicate that it believed that it had the discretion to impose a lesser sentence than life imprisonment, in view of the fact that the state had argued that the imposition of a life sentence was mandatory under the habitual felony offender statute, Burdick v. State, 594 So.2d 267, 271 (Fla.1992), and (b) the trial court failed to make the necessary statutory findings in order to declare the defendant a habitual violent felony offender as defined by Section 775.084(l)(b), Florida Statutes (1989). Parker v. State, 546 So.2d 727 (Fla.1989). Accordingly, the life sentence imposed below is reversed and the cause is remanded to the trial court with directions to (a) impose a separate sentence on each count for which the defendant was convicted, (b) make the required statutory findings before declaring the defendant a habitual violent felony offender, and (c) impose a sentence under Section 775.084(4)(b) which in its discretion is appropriate in this case after clearly indicating on the record that it is exercising its discretion in imposing such sentence.
Reversed and remanded with directions.