PER CURIAM.
The State correctly conceded that two errors were committed by the trial court in sentencing the defendant in this case.
First, the trial court erroneously entered a general sentence apparently intended to cover all three counts for which the defendant was convicted. This general sentence must be vacated and, upon remand, the trial court should enter individual sentences for each of the three separate offenses. See Valiente v. State, 605 So.2d 1294 (Fla. 3d DCA 1992).
Second, by virtue of having entered a general sentence to cover all three offenses, the trial court appears to have sentenced the defendant to a sentence of 40 years in connection with Count III, which relates to the offense of false imprisonment. As acknowledged by the State, if *608 the trial court wishes to habitualize the defendant in connection with false imprisonment, the maximum sentence that could be imposed against the defendant in connection with that charge would be ten years imprisonment. § 775'.084(4)(a)3., Fla. Stat. (1991). Naturally, the trial court would be permitted to enter a 40 year prison sentence for either Count I and/or Count II if the trial court habitualizes the defendant in connection with either or both of those offenses.
Accordingly, the foregoing sentences are vacated and this cause is remanded to the trial court for resentencing. In all other respects, the judgment of the trial court is affirmed.
Affirmed in part; reversed in part and remanded.