On Motion for Clarification Granted

PER CURIAM.
The opinion of this Court filed on October 13, 1999, is vacated and this opinion is substituted in its stead.
Defendant Curtis Scott appeals the trial court’s order denying his “Writ of Habeas Corpus or in the alternative. a 3.850 or 3.800(a) Motion for Post-Conviction Relief.” We affirm in part, reverse in part, and remand for the corrections outlined herein.
Two of the points raised by the defendant are of merit. First, defendant is correct in his contention that the trial court erred by imposing a twelve year general sentence for counts I, II and III. See Burgess v. State, 691 So.2d 607, 608-09 (Fla. 4th DCA 1997) (“The law is clear that trial courts may no longer issue ‘general’ sentences which encompass more than one count.”); Lewis v. State, 567 So.2d 50 (Fla. 5th DCA 1990) (general sentences for multiple convictions are not proper). Moreover, as to Count III, the twelve year general sentence imposed constitutes an illegal sentence because it also exceeded the statutory maximum. See Lewis, 567 So.2d at 51.
Second, as defendant argues, he is entitled to additional credit in case number 97-19074 for time served. The sentencing order entered in case number 97-19074 did not comport with the plea agreement reflected in the transcript. See generally, State v. Frazier, 697 So.2d 944 (Fla. 3d DCA 1997). As to the balance of defendant’s claims, the record demonstrates Scott knew what he was agreeing to and received a distinct advantage in the sentences imposed by the agreements he made.
Accordingly, Scott is entitled to remand so that the sentencing order reflects a separate, legal sentence for each offense therein. He is also entitled to remand for correction of sentence to reflect additional credit for time served. In all other respects, the order under review is affirmed.