ORFINGER, R.B., J.
James A. Hodges (Hodges) appeals his convictions and the sentences imposed after a jury found him guilty of burglary of a dwelling and petit theft. We affirm the convictions but vacate the sentence imposed for petit theft.
Hodges was initially convicted of the instant charges following a jury trial in 1997. He was then sentenced to fifteen years in prison as an habitual offender on the burglary charge with a concurrent sixty day sentence on the petit theft charge. He was awarded sixty days credit on the petit theft charge thereby fully satisfying that sentence. On appeal, this court reversed and remanded the matter for a new trial. See Hodges v. State, 727 So.2d 1008 (Fla. 5th DCA 1999). On retrial, Hodges was again convicted of both charges and was resentenced to fifteen years in prison as an habitual offender on the burglary charge with a sixty day consecutive sentence for the. petit theft charge.
Having reviewed the record, we affirm the convictions. We do, however, vacate his sentence for petit theft. After retrial, a defendant may not receive a longer sentence than was originally imposed, unless he or she engaged in identifiable conduct since the date of the original sentencing, justifying the greater sentence. See North Carolina v. Pearce, 895 U.S. 711 (1969); Blackshear v. State, 531 So.2d 956 (Fla.1988). Since Hodges had fully satisfied his petit theft sentence, a sentence that equaled the statutory maximum, the court had no power to amend or increase it. Sneed v. State, 749 So.2d 545, 546 (Fla. 4th DCA 2000); Palmer v. State, 182 So.2d 625, 626 (Fla. 4th DCA 1966).
Accordingly, we affirm Hodges’ convictions but vacate his petit theft sentence.
AFFIRMED IN PART AND REVERSED IN PART.
COBB and SHARP, W., JJ., concur.