871 So.2d 986 (2004)
Max L. BRAZLEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-2644.
District Court of Appeal of Florida, Third District.
April 14, 2004.
*987 Max L. Brazley, in proper person.
Charles J. Crist, Jr., Attorney General, and Jason Helfant, Assistant Attorney General, for appellee.
Before GERSTEN, GODERICH, and FLETCHER, JJ.
FLETCHER, Judge.
In 1996, Max Lee Brazley was charged with first degree murder (count I), armed robbery (count II), attempted armed robbery (count III), attempted armed burglary (count IV), unlawful possession of a firearm while engaged in a criminal offense (count V), and possession of a firearm by a convicted felon (count VI). Brazley agreed to plea guilty to a reduced charge of second degree murder for count I[1] in exchange for a sentence of forty years in state prison and dismissal of other charges pending against him in a separate criminal case. The trial court imposed a general sentence of 40 years concurrent, covering all six counts.
Brazley filed a motion to correct his sentence alleging that was an illegal general sentence. The state conceded error. The trial court then corrected the sentence on three of the six convictions as they were well over the statutory maximums for those offenses by virtue of across-the-board application of 40 years to all counts. Brazley now appeals from the trial court's order of August 15, 2003, correcting his illegal general sentence as to counts III, IV, and V. We reverse and remand for resentencing.
The state correctly concedes that general sentences for multiple convictions are improper. Fla. R.Crim. P. 3.701(d)(2). The trial court merely adjusted downward those sentences that were beyond the statutory maximum for the offense (counts III, IV, and V), and failed to discuss the remaining counts, which were within the statutory maximum (counts I, II, and VI). The sentences for all six convictions now appear to be within the statutory maximums for each offense.
However, the trial court initially erred in not vacating the entire general sentence, which encompassed all six counts. The trial court then should have imposed a distinct sentence for each convicted offense, including those counts for which the sentences were not over the statutory maximum. See Scott v. State, 747 So.2d 1018 (Fla. 3d DCA 1999)(defendant entitled to vacation and remand of general sentence so that the sentencing order reflects a separate, legal sentence for each offense therein); Hooks v. State, 613 So.2d 607 (Fla. 3d DCA 1993)(same); Lewis v. State, 567 So.2d 50 (Fla. 5th DCA 1990)(same).
Brazley has challenged only the sentences imposed and has not moved to withdraw his plea. We therefore reverse the order granting partial relief from Brazley's illegal general sentence, vacate the entire sentence and remand to the trial court for resentencing, with instructions to enter a distinct and individual sentence for each felony conviction.[2] Brazley does not need to be present at resentencing. Awad v. State, 364 So.2d 516 (Fla. 4th DCA 1978)(at resentencing necessitated by the trial court's error in imposing a general sentence, it is not necessary that the defendant be present unless the trial court requires it).
NOTES
[1] Counts II through VI remained as charged.
[2] Notwithstanding that the general sentence has already been "corrected" in part below.