PALMER, J.
Donald E. Lemoine (defendant) appeals his sentence. Based on the State’s concession of error, we vacate the defendant’s sentence and remand for resentencing.
The defendant entered pleas to the charges of engaging in sexual activity with a child and lewd and lascivious assault upon a child, and he was placed on probation therefor. He subsequently violated the terms of his probation and, as a result, the trial court sentenced him to a term of 17 years in the Department of Corrections. However, it is not clear from the sentencing documents whether a general sentence of 17 years’ imprisonment was imposed for both offenses or whether a term of 17 years’ imprisonment was to be imposed on each count. The State aptly acknowledges that the offense of lewd and lascivious assault upon a child is a second degree felony which authorized a maximum sentence of 15 years’ imprisonment at the time defendant committed the offense and, therefore, the defendant’s sentence on the lewd and lascivious assault charge is improper. The State also recognizes that *1159 “general sentences” which impose a single sentence for multiple counts are improper. See Brazley v. State, 871 So.2d 986 (Fla. 3d DCA 2004).
We therefore vacate the defendant’s sentence on each conviction and remand this matter to the trial court with instructions to impose a separate sentence for each conviction, with the sentence for the second degree felony not to exceed 15 years.
Sentences VACATED and cause REMANDED for resentencing.
GRIFFIN and ORFINGER, JJ„ concur.