NORTHCUTT, Judge.
Ricardo Ellis appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Ellis raised' three claims in his motion. We affirm without comment as to two of Ellis’s claims, but reverse as to the remaining one.
Ellis was originally convicted of nine counts of aggravated child abuse in violation of section 827.03, Florida Statutes (1993). On June 3, 1996, the circuit court sentenced Ellis to concurrent terms of fifteen years’ imprisonment on counts 1, 2, 3, 5, 6, 7, and 8 (as designated in the written judgment), followed by a consecutive term of four years’ imprisonment on counts 9 and 10. In 1998, on remand following Ellis’s direct appeal, the circuit court re-sentenced Ellis to fifteen years’ imprisonment on counts 1, 2, 3, and 8, to run concurrently with a term of five years’ imprisonment on counts 5, 6, and 7. The four-year sentence on counts 9 and 10 was ordered to run consecutively with the above’ sentences. In 2001 we reviewed the denial of a prior motion for postconviction relief, and again remanded for resentencing. Ellis v. State, 795 So.2d 1015 (Fla. 2d DCA 2001). Thereafter, in December 2001 the circuit court resentenced Ellis to concurrent terms of fifteen years’ imprisonment on counts 1, 2, and 3, to be followed..by a consecutive term of thirty months’ imprisonment on counts 5, 6, 7, 8, 9, and 10.
In his 3.850 motion for postconviction relief, Ellis pointed out that at the time of the December 2001 resentencing he had already completed the five-year sentence on counts 5, 6, and 7, which in *1257 1998 had been imposed to run concurrently with the fifteen-year term for counts 1, 2, and 3. Therefore, Ellis argued, the circuit court violated his double jeopardy rights when it resentenced him on those counts to thirty months’ consecutive to the fifteen-year term. We agree.
Once a legal sentence is imposed, jeopardy attaches and a defendant cannot be resentenced to a greater term of imprisonment. Ashley v. State, 850 So.2d 1265, 1267 (Fla.2003). Further, a defendant cannot be resentenced on offenses for which the defendant’s prison term has expired. Willingham v. State, 833 So.2d 237, 238 (Fla. 4th DCA 2002).
'Accordingly, we reverse and remand to the circuit court with instructions to vacate the December 2001 sentences imposed on counts 5, 6, and 7, and to reinstate the October 1998 sentences as to those counts.
Affirmed in part, reversed in part, and remanded.
WALLACE, J., Concurs.
ALTENBERND, J., Concurs with opinion.