STEVENSON, C.J.
Anthony Francis entered an open plea to charges of possession of cocaine and cannabis and driving without a license. The plea hearing reflects that these charges were the result of a traffic stop and a search of Francis’s car during which police found one gram of cocaine and one gram of marijuana. Francis’s score sheet reflects that the lowest permissible sentence under the Criminal Punishment Code is 20.9 months in prison. Francis moved for a downward departure sentence. Following a hearing, the trial court sentenced Francis to six months in jail with credit for 140 days time served. Because the trial court did not orally state the reasons relied upon to support the departure, nor enter a written order articulating these reasons, we reverse.
Francis urges this court to dismiss the instant appeal, arguing that the record fails to reflect that a written sentencing order was ever rendered by the *757 trial court. We reject this argument. While the order entered in this case does not mirror the format of the “typical” sentencing order entered in most cases, we cannot agree that it is not an “order” within the meaning of the Rules of Appellate Procedure. The document in this case, entitled a “disposition order,” was signed by the judge and reflects the nature of the charges, the disposition, the sentence imposed, the credit to which the defendant was entitled for time served, and whether the sentences are to run concurrently or consecutively. See Fla. R.App. P. 9.020(f) (defining an “order” as “[a] decision, order, judgment, decree, or rule of a lower tribunal, excluding minutes and minute book entries”). We find the document in this case to be distinguishable from those discussed in State v. Garcia, 622 So.2d 9 (Fla. 3d DCA 1993) (finding that unsigned notation on the “file jacket” was not an “order”), and State v. Tremblay, 642 So.2d 64 (Fla. 4th DCA 1994) (finding that “court status form,” although signed by the judge, was not an “order”). We similarly reject Francis’s contention that, regardless of the merits of the State’s arguments on appeal, he cannot be resen-tenced because he completed the six-month sentence imposed during the pen-dency of this appeal. See Trotter v. State, 825 So.2d 362, 366 (Fla.2002) (holding that double jeopardy is not implicated in a re-sentencing following an appeal and stating that a defendant cannot have an expectation of finality in a sentence that is the subject of an appeal).
Accordingly, as the State correctly argues, the trial court erred by failing to provide written reasons for the downward departure. We therefore reverse and remand. While the trial court orally addressed some possible foundations for the departure, we are unable to discern from the record the exact bases for the departure and whether those reasons legally justify departure from the guidelines. On resentencing, the court should clarify its oral reasons in a written order and may again depart from the guidelines if it finds legally sufficient reasons. See State v. Teal, 831 So.2d 1254 (Fla. 2d DCA 2002); State v. Shorter, 814 So.2d 1117 (Fla. 4th DCA 2002).
KLEIN and SHAHOOD, JJ., concur.