WHATLEY, Judge.
Antonio Levy challenges his sentence of eighteen months for the first-degree misdemeanor of possession of less than twenty grams of cannabis.[1] See § 893.13(6)(b), Florida Statutes (2008). The State concurs that because a first-degree misdemeanor is punishable by up to only one year in jail, § 775.082(4)(a), Levy must be resentenced.
After a jury found Levy guilty of the third-degree felony of delivery of cannabis, § 893.13(l)(a)(2), and the first-degree misdemeanor of possession of cannabis, the trial court orally pronounced that it would sentence Levy to eighteen months in prison. The written sentence is consistent with the court’s pronouncement in imposing a general sentence for the two offenses, which the supreme court has held is improper. See Dorfman v. State, 351 So.2d 954, 957 (Fla.1977). Trial courts must impose separate sentences for separate offenses.
Accordingly, we reverse Levy’s sentence of eighteen months for the first-degree misdemeanor of possession of less than twenty grams of cannabis and remand with directions that the trial court sentence Levy to not more than one year for this offense.
Reversed and remanded for resentenc-ing.
KELLY and KHOUZAM, JJ., Concur.

. Levy raised the issue of the trial court's failure to impose separate sentences for the two offenses of which he was convicted in a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The trial court failed to hear or enter an order on the motion, and it is deemed denied. See Fla. R.Crim. P. 3.800(b)(1)(B).