EMAS, J.
Appellant Roosevelt Holmes appeals the trial court’s order summarily denying his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a).
In 1997, Appellant was charged by information with, inter alia, armed robbery, armed burglary, and aggravated battery. In 1998, pursuant to a negotiated plea, Appellant agreed to plead guilty to all counts for a sentence of three years’ state prison followed by three years’ probation. The trial court accepted the negotiated plea and appellant was sentenced pursuant to the agreed terms. However, the sentence did not assign a distinct and individual sentence for each count, but instead imposed a “general sentence” of three years’ state prison followed by three years’ probation, for all counts.[1]
Appellant was released from prison and in 2000, while still on probation, he committed several substantive violations of his probation, including multiple counts of *283 armed robbery, kidnapping, and burglary. In October 2002, the trial court revoked his probation and sentenced him under the guidelines to 15.7 years in state prison.[2]
In 2012, Appellant filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800, arguing that the general sentence imposed in 1998 was an illegal sentence. More to the point, Appellant contended in his motion that the proper remedy was to allow him to withdraw the 1998 plea. The trial court summarily denied the motion.
Appellant is correct (and the State acknowledges) that a trial court may not impose a single general sentence to cover multiple counts. See Fla. R.Crim. P. 8.701(d)(12) (providing, “[a] sentence must be imposed for each offense”); Brazley v. State, 871 So.2d 986 (Fla. 3d DCA 2004) (holding a general sentence for multiple convictions is prohibited). However, the remedy for such an error is not the withdrawal of the underlying plea, but a vacation of the general sentence and entry of a separate, distinct sentence for each of the individual counts. Id.
Appellant does not seek such a correction of the sentence.[3] Instead, appellant seeks to withdraw the original plea he negotiated and entered into in 1998.[4] A motion which seeks, as its remedy, the withdrawal of a negotiated plea is not cognizable under Rule 3.800 but must be brought in a timely manner pursuant to Rule 3.850. See Dominguez v. State, 98 So.3d 198 (Fla. 2d DCA 2012). Appellant’s motion cannot be treated as one seeking relief under Rule 3.850, as it is time barred and fails to allege a factual or legal basis to support a motion seeking to withdraw a plea.
The trial court correctly denied Appellant the relief sought. However, because the sentence imposed in 1998 is an illegal sentence, we reverse and remand to the trial court for the limited purpose of vacating the original general sentence and entering a separate, distinct sentence for each count to which appellant entered a plea in case no. F97-950C.[5] In all other respects, the order of the trial court is affirmed.
Affirmed in part, reversed in part, and remanded with directions.

. Appellant failed to attach a copy of the judgment and sentence, but our review of the judgment and sentence confirms that a single sentence was imposed for all counts. The State does not contest that the sentence imposed in 1998 was a general sentence.

. Appellant was also charged, in five separate informations, with the new substantive offenses comprising the violations of probation. In 2003, Appellant received sentences ranging from five years to life imprisonment on those new substantive offenses.

. This is understandable, given that appellant has already served the prison portion of his 1998 sentence and, following his release from prison, the probation portion of his sentence was revoked because he violated that probation by committing new substantive offenses.

. This is also understandable, given that appellant is currently serving a 15.7 year prison sentence, which was imposed in 2002 for violating the probation portion of the 1998 sentence. If Appellant were permitted to withdraw his 1998 plea, he would presumably be entitled to a vacation of this 2002 sentence as well. Further, this would potentially affect (favorably to Appellant) the calculation of the guideline scoresheet that was prepared in 2003 when Appellant was sentenced on his new substantive offenses.

.The defendant need not be present for this proceeding, as it will not be a "resentencing”, but merely the ministerial act of vacating the original sentencing order and entering a new sentencing order for each individual count, consistent with the terms of the original plea agreement.