# Third District Court of Appeal

## State of Florida

Opinion filed July 8, 2015.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D12-625
Lower Tribunal No. 00-38717

————————————

**The State of Florida,**
Appellant,

vs.

**Diego J. Jimenez,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Nushin G. Sayfie, Judge.

Pamela Jo Bondi, Attorney General, and Jill D. Kramer, Assistant Attorney General, for appellant.

Diego J. Jimenez, in proper person.

Before LAGOA, SALTER, and LOGUE, JJ.

LAGOA, J.

The State of Florida (the "State") appeals the trial court's order granting in part defendant, Diego J. Jimenez's ("Jimenez"), Rule 3.800(a) motion.

Specifically, the State appeals paragraph three of the trial court's order which states:

> 3.    In points three and four, the Defendant claims that the trial court violated the double jeopardy clause when the Defendant was resentenced in Counts 3, 4, 6 & 7, after the statutory maximum sentences had already been served.  At the time of the original sentence in 2003, the Defendant was sentenced to sixty (60) years in state prison without any apportionment per count.  This error was corrected by the trial court on February 8, 2008 (and this order was subsequently affirmed on appeal.)  However, the Defendant is correct that at the time of the resentencing, the statutory maximum of five (5) years had expired in counts 3, 4, 6 and 7.  Counts 3, 4 and 6 were all consecutive to each other and consecutive to counts 1 (15 years) and 2 (30 years).  As such, double jeopardy would bar any resentencing on these counts, and the Defendant is entitled to relief on this ground, resulting in a sentence reduction of fifteen (15) years. Ellis v. State, 913 So. 2d 1255 (Fla. 2d DCA 2005); Palmer v. State, 182 So. 2d 625 (Fla. 4th DCA 1966).

The State contends that the trial court erred in granting in part the Rule 3.800(a) motion based upon a claim of double jeopardy.  For the following reasons, we affirm in part and reverse in part.

I.    FACTUAL AND PROCEDURAL HISTORY

Because Jimenez has filed multiple post-conviction motions, we find it necessary to address them here.[1]  Jimenez was charged with the following eight counts: attempted first degree murder of a law enforcement officer (Officer Rosario) (Count 1); aggravated battery of a law enforcement officer (Officer

---

[1] We do not, however, address the multiple petitions for writs of habeas corpus filed by Jimenez—both at the state and federal level.

Rosario) (Count 2); depriving Officer Rosario of his means of communication (Count 3); two counts of battery of a law enforcement officer (Officers Mirone and Aiken) (Counts 4 and 5); and three counts of resisting arrest with violence (Officers Rosario, Mirone and Aiken) (Counts 6, 7, and 8). After a jury trial, Jimenez was found guilty of: count 1, aggravated assault of Officer Rosario (as a lesser included offense of attempted first degree murder of a law enforcement officer); Counts 2, 3, and 4; Count 5, battery (as a lesser included offense of battery of a law enforcement officer - Officer Aiken); and Counts 6, 7, and 8. At sentencing, the trial court granted the state's motion to dismiss Count 8, as that count of resisting arrest without violence was based upon the same facts as Count 7. On September 5, 2003, Jimenez was sentenced to sixty years in prison for Counts 1 through 4, and 364 days for counts 5 through 7. His convictions were affirmed in Jimenez v. State, 914 So. 2d 970 (Fla. 3d DCA 2005) (table).

On October 5, 2006, Jimenez filed a Rule 3.850 motion claiming ineffective assistance of counsel by failing to: (1) investigate and call emergency medical technicians as witnesses (who were available and known) whose testimony would have created a credibility issue relating to Officer Rosario; (2) immediately reopen the case when Lazaro Gonzalez, an eyewitness, arrived prior to the trial judge's completion of the jury instructions; (3) file a pretrial motion to suppress an illegal stop where the arresting officer, Officer Rosario, had not witnessed any moving violations sufficient to make a traffic stop; (4) file a pretrial motion in limine to

prevent Ciro Frias from testifying that Jimenez was employed as a secret police officer for Cuba, where that testimony was prejudicial, damaging, and irrelevant to the case; and (5) preserve sentencing errors via a Rule 3.800(b)(1) motion. The trial court entered an order denying the motion, and this Court affirmed in <u>Jimenez v. State</u>, 959 So. 2d 737 (Fla. 3d DCA 2007) (table). The mandate issued on March 13, 2008.

On January 14, 2008, Jimenez filed a Rule 3.800(a) motion which asserted that his sixty-year general sentence was not properly apportioned, and was therefore illegal. The State conceded error and the trial court granted the motion. On February 8, 2008,[2] the trial court *nunc pro tunc* resentenced Jimenez as follows: Count 1, fifteen years with a five-year minimum mandatory sentence; Count 2, thirty years consecutive to Count 1; Count 3, five years consecutive to Counts 1 and 2; Count 4, five years consecutive to Counts 1, 2, and 3; Count 5, 365 days county jail concurrent with Counts 1, 2, 3, and 4; Count 6, five years consecutive to Counts 1, 2, 3, and 4, and concurrent with Count 5; Count 7, five years concurrent with Counts 1 through 6; and Count 8, dismissed.

On March 3, 2008, Jimenez filed another Rule 3.800(a) motion for correction arguing that the new sentencing order was in error, as the trial court imposed consecutive portions, and thereby allegedly violated the "single episode" principle of law. In its response, the State argued that Jimenez's argument was

_____

[2] The trial court's order was entered *nunc pro tunc* to reflect the original sentencing date of September 5, 2003.

4

without merit and that Jimenez was procedurally barred from filing the motion. The trial court denied the motion on the merits and this Court affirmed the denial in Jimenez v. State, 990 So. 2d 1075 (Fla. 3d DCA 2008) (table). The mandate issued on September 8, 2008.

While Jimenez's March 3, 2008 Rule 3.800 motion was pending, Jimenez filed another Rule 3.850 motion on May 29, 2008. In that motion, Jimenez claimed that the police stop of the car in which he was a passenger was not based upon reasonable suspicion, that the subsequent search therefore was illegal, and that the resulting evidence should have been suppressed. The trial court denied the motion and this Court affirmed in Jimenez v. State, 20 So. 3d 858 (Fla. 3d DCA 2009) (table). The mandate issued on November 24, 2009.

On February 11, 2011, Jimenez filed his third Rule 3.800(a) motion. In this motion, Jimenez asserted the following claims:

> I. THE SENTENCE IMPOSED IN COUNT ONE EXCEEDS STATUTORY MAXIMUM FOR THIRD DEGREE FELONY.
>
> II. THE TRIAL COURT ILLEGALLY RE-SENTENCED DEFENDANT FOR A FIRST DEGREE FELONY IN COUNT #2 WHEN THE DEFENDANT WAS FOUND GUILTY OF A LESSER CRIME, A THIRD DEGREE FELONY.
>
> III. THE TRIAL COURT VIOLATED THE DOUBLE JEOPARDY CLAUSE WHEN IT RESENTENCED DEFENDANT IN COUNTS 3 AND 4 AFTER THE STATUTORY MAXIMUM SENTENCE HAS BEEN SERVED.

IV. IMPOSITION OF INCREASED SENTENCE IN
COUNTS 6 AND 7, UPON RE-SENTENCING,
VIOLATED THE DOUBLE JEOPARDY CLAUSE.

V. INCORRECT CALCULATED SCORESHEET,
ASSESSMENT OF VICTIM INJURY POINTS.

The motion was denied by the trial court as successive, duplicative and untimely. Based on the State's proper concession of error, this Court, in Jimenez v. State, 88 So. 3d 194 (Fla. 3d DCA 2011), held that the motion was not successive or untimely and reversed and remanded to the trial court.

On February 24, 2012, the trial court ruled on the motion, denying it in part and granting it in part on the grounds of double jeopardy. This appeal follows solely as to paragraph 3 of the trial court's order.[3]

II. ANALYSIS

We begin our analysis by noting that Jimenez was properly resentenced by the trial court on February 8, 2008, as his initial sentence was not properly apportioned and was instead an illegal "general sentence" that ordered the defendant to sixty years as to Counts 1, 2, 3, and 4, and 364 days as to Counts 5, 6, and 7. The trial court properly resentenced Jimenez by entering a separate, distinct sentence for each count. See Holmes v. State, 100 So. 3d 281, 283 (Fla. 3d DCA 2012) (finding that a general sentence to cover multiple counts is an illegal sentence; Rule 3.701(d)(12), Fla. R. Crim. P., provides "[a] sentence must be

---

[3] Jimenez did not file a cross-appeal as to the remaining rulings made in the February 24, 2012 order. Therefore, paragraph 3 of the February 24, 2012 order is the only portion contested.

imposed for each offense."); <u>Kissel v. State</u>, 757 So. 2d 631, 632 (Fla. 5th DCA 2000) (recognizing that a general sentence is an illegal sentence).

We now turn to the issue before us. With regards to Counts 3 and 4, Jimenez was originally sentenced to a general sentence of sixty years. Upon resentencing, Jimenez was sentenced to fifteen years for Count 1, thirty years for Count 2, five years for Count 3, and five years for Count 4, all to run consecutive to each other.[4] In his February 11, 2011, Rule 3.800(a) motion (the third rule 3.800 motion), Jimenez argued that by resentencing him as to Counts 3 and 4, his double jeopardy rights were violated. Specifically, Jimenez asserted that because the statutory maximum of five years had expired with regards to Counts 3 and 4, his double jeopardy right had been violated when the trial court resentenced him as to these counts. The trial court agreed with the totality of Jimenez's argument, granted the motion, and this appeal ensued.

We conclude that the trial court erred in finding that double jeopardy barred resentencing on Counts 3 and 4 because the statutory maximum of five years had expired. First, we find that because the original 2003 sentence was a general sentence and invalid, it was subject to correction under Florida Rule of Criminal Procedure 3.800(a). "It does not offend double jeopardy principles to resentence a defendant to harsher terms when the original sentence was invalid, particularly

---

[4] We note that on resentencing a court may impose consecutive sentences in order to effect the intent of the original sentencing court. See <u>Finethy v. State</u>, 962 So. 2d 990, 992 (Fla. 4th DCA 2007).

when, as in the instant case, it is the defendant who brings his sentence into question." Allen v. State, 853 So. 2d 533, 536 (Fla. 5th DCA 2003). Because Jimenez's initial sentence was an illegal sentence "at resentencing, the trial court may impose any sentence consistent with the sentencing laws in effect on the date of the offense, even if it results in a harsher sentence." Clark v. State, 72 So. 3d 222, 226 (Fla. 2d DCA 2011).

Of course, once a sentence has been fully satisfied, even if it is an illegal or invalid sentence, a trial court cannot increase or amend the sentence, as this would violate a defendant's double jeopardy rights. See Clark, 72 So. 3d at 226, n.2 ("'Once a sentence *has already been served*, even if it is an illegal sentence or an invalid sentence, the trial court loses jurisdiction and violates the Double Jeopardy Clause by reasserting jurisdiction and resentencing the defendant to an increased sentence.'" (citing Maybin v. State, 884 So. 2d 1174, 1175 (Fla. 2d DCA 2004) (emphasis added))).

Here, there is no dispute that the original 2003 sentence was illegal, and that Jimenez had been sentenced to sixty years as to Counts 1 to 4. That illegal sentence of sixty years had not been fully served when the trial court properly resentenced Jimenez and apportioned the initial sixty-year sentence among Counts 1 to 4. Cf. Ellis v. State, 913 So. 2d 1255, 1257 (Fla. 2d DCA 2005) (citing Willingham v. State, 833 So. 2d 237, 238 (Fla. 4th DCA 2002)); Sneed v. State, 749 So. 2d 545, 546 (Fla. 4th DCA 2000). Accordingly, because a legal sentence

8

had not been initially imposed, jeopardy did not attach, and the trial court had jurisdiction to amend the sentence to apportion it to run consecutively among Counts 1 through 4 as the initial sixty year sentence that included Counts 3 and 4 had not been satisfied at the time of resentencing. See Allen, 853 So. 2d at 535. See generally Dunbar v. State, 89 So. 3d 901, 906 n.5 (Fla. 2012) (approving the double jeopardy analysis in Dunbar v. State, 46 So. 3d 81 (Fla. 5th DCA 2010), that where initial sentence was invalid, double jeopardy principles were not implicated by later addition of harsher terms); Clark v. State, 72 So. 3d 222, 226 (Fla. 2d DCA 2011) (holding that because original sentence was illegal, the resulting sentence on remand may be harsher without violating double jeopardy; "[I]f the original sentence was an illegal sentence, at resentencing, the trial court may impose any sentence consistent with the sentencing laws in effect on the date of the offense . . . .").

We, therefore, find that the trial court, in its February 24, 2012, written order, erred in finding that the defendant's double jeopardy rights with respect to Counts 3 and 4 had been violated as a result of the resentencing. Because we find that the trial court erred in reducing the defendant's sentence with respect to these counts, we reverse in part paragraph 3 of the trial court's order.

With respect to Counts 6 and 7, however, we affirm the trial court's ruling that resentencing on those counts violated double jeopardy. In 2003, the trial court sentenced Jimenez to a total of 364 days as to Counts 5, 6, and 7. By February

9

2008, when the trial court resentenced Jimenez, he had already fully satisfied that sentence. As discussed *supra*, once a sentence has been fully satisfied, even if it is an illegal or invalid sentence, a trial court may not increase or amend the sentence, as this would violate a defendant's double jeopardy rights. See Clark, 72 So. 3d at 226, n.2. See, e.g., Ellis, 913 So. 2d at 1256-57; Hodges v. State, 780 So. 2d 967, 968 (Fla. 5th DCA 2001); Sneed, 749 So. 2d at 546. Accordingly, because the initial sentence that included Counts 6 and 7 had already been served at the time of resentencing, the trial court did not have the power on February 8, 2008 to resentence Jimenez as to Counts 6 or 7. We, therefore, find that the trial court properly reduced Jimenez's sentence as to those counts on February 24, 2012.

For the reasons stated, we affirm in part and reverse in part paragraph 3 of the trial court's February 24, 2012 order and remand for the entry of a sentence consistent with this opinion. The defendant need not be present for the entry of the revised sentence.

AFFIRMED IN PART; REVERSED IN PART.