DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HUMBERTO DE LA SOTA RIVERA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-4014

[March 9, 2016]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case No. 05-17086 CF10A.

Humberto De La Sota Rivera, South Bay, pro se.

No appearance required for appellee.

PER CURIAM.

We affirm the trial court's denial of appellant's rule 3.800(a) motion to correct illegal sentence. The issue appellant has raised was previously litigated and denied after an evidentiary hearing in a rule 3.850 motion. The doctrine of collateral estoppel, therefore, precluded appellant from rearguing his claim in this rule 3.800(a) motion. *See State v. McBride*, 848 So. 2d 287, 290 (Fla. 2003).

Further, the claim lacks merit, and the "manifest injustice" exception recognized in *McBride* does not apply. Appellant had no legitimate expectation of finality in the orally pronounced general sentence[1] on the two counts at issue. *See Dunbar v. State*, 89 So. 3d 901, 905 (Fla. 2012). He has not shown that his written sentences, which were corrected that same day, are illegal or that the correction to structure the sentences on the two counts consecutively violated Double Jeopardy principles.

---

[1] Appellant is correct that the "general sentence" initially pronounced by the court was improper. *Dorfman v. State*, 351 So. 2d 954, 957 (Fla. 1977); *Holmes v. State*, 100 So. 3d 281, 283 (Fla. 3d DCA 2012).

*Affirmed.*

CIKLIN, C.J., STEVENSON and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**