# Third District Court of Appeal

## State of Florida

Opinion filed July 26, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2894
Lower Tribunal No. 15-14709
_____


**Prince Roy Secong,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Stephen T. Millan, Judge.

Aubrey Webb, P.A., and Aubrey Webb, for appellant.

Pamela Jo Bondi, Attorney General, and Arlisa Certain, Assistant Attorney General, for appellee.


Before LAGOA, FERNANDEZ and SCALES, JJ.

SCALES, J.

Prince Roy Secong appeals the trial court's denial of his Florida Rule of Criminal Procedure 3.800(b) motion to correct a sentencing error, which challenged the trial court's imposition of an upward departure prison sentence for his violation of community control. For the following reasons, we affirm the trial court's imposition of an upward departure sentence, but vacate the general sentence entered by the trial court and remand for entry of a separate, distinct sentence for each of the underlying counts to which Secong previously pled guilty.

On August 20, 2015, Secong pled guilty to five counts of uttering worthless checks in violation of section 832.05(2) of the Florida Statutes. The lower court sentenced Secong to two years of community control followed by three years of supervised probation. The same day Secong was placed on community control, Secong failed to report to his probation officer and to submit to electronic monitoring, for which the State filed an affidavit of violation of community control. The trial court issued a warrant for Secong's arrest on August 27, 2015.

On October 10, 2015, Secong was arrested in Broward County under a false name for third degree grand theft and multiple counts of criminal possession/use of another person's identification, for which the State filed an amended affidavit of violation of community control. Based on this arrest, the amended affidavit included as an additional violation that Secong had associated with persons

2

engaged in criminal activity. At a November 5, 2015 hearing, Secong admitted to all of the violations of his community control.

Prior to the sentencing hearing, the State filed a memorandum in support of an upward departure sentence. Among other things, the State's memorandum recounted: (1) the circumstances surrounding Secong's prior convictions for uttering worthless checks, including Secong's brandishing a firearm to intimidate one of the victims; (2) Secong's numerous failures to comply with the requirements of his community control, which occurred the instant he was released from jail[1]; and (3) Secong's October 10, 2015 arrest in Broward County under an alias for grand theft and criminal possession/use of another person's identification,

---

[1] With respect to the arrest warrant issued for Secong's arrest after he violated his community control, the State recited the following:

> A probation violation warrant was issued for the Defendant on August 24, 2014 [sic], four days after he took a plea. The following day, the undersigned Assistant State Attorney received an email from the Defendant's attorney indicating that the Defendant knew about the warrant and was going to turn himself in on August 27, 2015. The Defendant failed to turn himself in on that day. . . . Despite the fact that the Defendant owed the victim $21,750 and failed to appear numerous times in court to make good on his debt, the Defendant posted pictures of himself on his Instagram account with large stacks of $100 bills with the caption "#catchmeifyoucan".

> The next time this court heard from the Defendant, he had fled from this jurisdiction and was arrested in Broward County under a false name of Christopher Carstens. . . . .

(Citations omitted).

which the State asserted was part of an ongoing investigation into an organized scheme to defraud cellular telephone providers and their customers.

On November 19, 2015, the trial court imposed an upward departure sentence, sentencing Secong to a term of fifteen years on the five counts of uttering worthless checks, to run concurrently.[2]  On January 7, 2016, Secong filed his rule 3.800(b) motion to correct his sentence, arguing that the trial court had failed to comply with the requirements of section 775.082(10) of the Florida Statutes by its not making any written findings justifying the upward departure sentence.[3]  The trial court denied Secong's rule 3.800(b) motion and separately entered its Order of Written Findings on Imposition of Incarceration Pursuant to F.S. 775.082(10), nunc pro tunc to November 19, 2015, the date of sentencing.

---

[2] The record reflects this was a general sentence.

[3] This statute provides:

> (10) If a defendant is sentenced for an offense committed on or after July 1, 2009, which is a third degree felony but not a forcible felony as defined in s. 776.08, and excluding any third degree felony violation under chapter 810, and if the total sentence points pursuant to s. 921.0024 are 22 points or fewer, the court must sentence the offender to a nonstate prison sanction. *However, if the court makes written findings that a nonstate prison sanction could present a danger to the public, the court may sentence the offender to a state correctional facility pursuant to this section.*

§ 775.082(10), Fla. Stat. (2015) (emphasis added).

In the order, after reciting the same facts set forth by the State in its motion for an upward departure sentence, the lower court determined that Secong poses a danger to the public:

> The crimes to which the Defendant pled guilty in the instant case and the crimes he was arrested for in Broward County share a common theme of dishonesty and deception to the public. Defendant defrauded the victim in the instant case, Dr. Elias Tobon, out of over $20,000 via a ruse that involved depositing five worthless checks, amounting to over $30,000, into the victim's bank account. Despite pleading guilty to the charges associated with his victimization of Dr. Tobon and committing to making restitution payments, the Defendant chose to victimize additional members of the community by using stolen identification to illegally purchase cellular phones. This type of identity theft victimizes multiple members of the public—the individual whose identification has been stolen, the proprietor of the establishment from which the phone was illegally purchased, and cellular customers as a whole, who are subject to price increases levied by their cellular company in order to offset the cost of financial losses from theft. Furthermore, each crime the Defendant commits potentially endangers the public as police resources are diverted to his location for an investigation, diminishing police protection in other parts of the community.
>
> The Defendant's continued crimes of theft and fraud present a threat to the property and financial security of those in his community. The Defendant has demonstrated a pattern of behavior that indicates that he has no respect for this Court or the laws of this State, that he has no concern for the property rights or personal information of others, that he is incapable of complying with any court-imposed conditions that could preclude incarceration, and is undeterred from victimizing the people of his community for his own personal economic gain.
>
> **THEREFORE IT IS ORDERED AND ADJUDGED** that the term of incarceration imposed on the Defendant by the Judgment and Sentence in this case is necessary and appropriate to protect the Public/Community.

5

Because the record supports the trial court's written determination that the defendant poses a danger to the public, we conclude that the trial court did not err by imposing an upward departure sentence in accordance with section 775.082(10). See Porter v. State, 110 So. 3d 962, 964 (Fla. 4th DCA 2013) (affirming the trial court's imposition of an upward departure sentence under section 775.082(10) for a grand theft conviction that "was accomplished by means of writing a worthless check," where the trial court found the defendant posed a threat to the public based upon the grand theft conviction and his extensive history of committing financial crimes, including prior convictions on nine worthless checks charges); McCloud v. State, 55 So. 3d 643, 645 (Fla. 5th DCA 2011) ("The record supports the trial court's implicit finding that McCloud is an habitual thief and presents a threat to property. The fact that police resources are diverted to his location also potentially endangers the public, as it diminishes police protection in other parts of the community. . . . There is nothing in the language of section 775.082(10) that suggests that the Legislature intended to limit the meaning of 'danger to the public' only to persons threatening physical violence or injury."). We, therefore, affirm denial of Secong's rule 3.800(b) motion.

Because, however, it appears on the face of the record that the court below erred by imposing a general sentence for the separate, distinct counts of uttering a worthless check, we vacate Secong's general sentence and remand for the limited

6

purpose of entering separate, distinct sentences for each count. See Holmes v. State, 100 So. 3d 281, 283 (Fla. 3d DCA 2012) ("[A] trial court may not impose a single general sentence to cover multiple counts. . . . [T]he remedy for such an error is not the withdrawal of the underlying plea, but a vacation of the general sentence and entry of a separate, distinct sentence for each of the individual counts."); see also State v. Jimenez, 173 So. 3d 1020, 1024 n.4 (Fla. 3d DCA 2015) ("We note that on resentencing a court may impose consecutive sentences in order to effect the intent of the original sentencing court.").

Affirmed in part, reversed in part, remanded with instructions.