# Third District Court of Appeal

## State of Florida

Opinion filed July 13, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-1018 & 3D21-1019
Lower Tribunal Nos. F17-20909 & F19-10464

_____

**The State of Florida,**
Appellant/Cross-Appellee,

vs.

**Jeremy Rojas,**
Appellee/Cross-Appellant.

Appeals from the Circuit Court for Miami-Dade County, Lody Jean, Judge.

Ashley Moody, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellant/cross-appellee.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellee/cross-appellant.

Before LOGUE, HENDON, and GORDO, JJ.

<u>ON MOTION TO DISMISS</u>

LOGUE, J.

In this case we are called upon to interpret the Constitutional prohibition on double jeopardy. U.S. Const. amend. V ("[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb[.]"). The State has appealed the prison sentences imposed following revocation of Jeremy Rojas' community control. While the State's appeal was still pending, Rojas completed his sentences. Rojas has moved to dismiss the appeal because the "relief that the State is seeking – a remand to resentence Mr. Rojas to a greater sentence would violate double jeopardy and therefore the State's appeal is moot."

"[T]he application of the double jeopardy clause . . . turns on the extent and legitimacy of a defendant's expectation of finality in that sentence." Dunbar v. State, 89 So. 3d 901, 905 (Fla. 2012) (quoting U.S. v. Fogel, 829 F.2d 77, 87 (D.C. Cir. 1987)). Florida courts have held that "once a sentence has been fully satisfied, even if it is an illegal or invalid sentence, a trial court may not increase or amend the sentence, as this would violate a defendant's double jeopardy rights." State v. Jimenez, 173 So. 3d 1020, 1025 (Fla. 3d DCA 2015). In Jimenez, for example, we held the trial court did not have the power in 2008 to resentence the defendant pursuant to a Rule 3.800(a) motion to five years on two separate counts, for which the defendant had originally been sentenced in 2003 to 364 days, because the initial sentence

had already been served at the time of resentencing. Id. See also Smith v. State, 334 So. 3d 377 (Fla. 5th DCA 2022) (holding trial court erred in granting State's Rule 3.800(a) motion and resentencing defendant on counts for which defendant had completed his sentence and defendant's direct appeal had been resolved, stating that defendant "had a legitimate expectation of finality in his original sentences"). These cases hold that double jeopardy can attach, under certain circumstances, based upon a defendant's expectation of finality concerning a sentence that has been served.

At the same time, a defendant does not have an expectation of finality that triggers double jeopardy when the government is pursuing a lawful appeal of a sentence. In the leading case of U.S. v. DiFrancesco, 449 U.S. 117, 136-37 (1980), the Supreme Court held that the United States' appeal of a sentence does not violate double jeopardy even though it might lead to a higher sentence when the case is sent back for resentencing. In so holding, the Court reasoned that a defendant "is charged with knowledge of the statute and its appeal provisions, [which allowed the United States to appeal a sentence,] and has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired." Id. at 136. See also Goene v. State, 577 So. 2d 1306, 1307-08, 1310-12 (Fla. 1991) (recognizing

3

that an expectation of finality is vitiated where a statutory right to appeal exists, relying on DiFrancesco). Cf. Maybin v. State, 884 So. 2d 1174 (Fla. 2d DCA 2004) (holding that trial court's reimposition of original 25-year sentence after improperly granting defendant's motion to mitigate sentence and resentencing to time served violated double jeopardy where State failed to seek review of order granting motion to mitigate and defendant's sentence of time served had already been served).

The case before us presents the question of whether the fact that the defendant completed the sentence while the State's appeal was pending creates an exception to the rule in DiFrancesco. At least one court has declined to recognize such an exception. In State v. Francis, 954 So. 2d 755, 757 (Fla. 4th DCA 2007), the Fourth District expressly rejected the defendant's argument that the State's appeal should be dismissed because he had completed the sentence imposed during the pendency of the appeal and therefore could not be resentenced. We agree with the Fourth District.

When, as here, the sentencing order under which the defendant has completed his sentence is on direct appeal, the defendant is imputed with knowledge of the pending appeal and, therefore, cannot have a legitimate expectation of finality until the appeal is completed. This is the distinguishing characteristic between those cases such as Jimenez and Smith, which hold

4

that resentencing after completion of the original sentence violates double jeopardy, and <u>Francis</u>, which holds that it does not.

Cases from other jurisdictions similarly indicate that any expectation of finality that attaches to a completed sentence does not trigger double jeopardy where the government's appeal of the sentence is pending. <u>See, e.g.,</u> <u>People v. Williams</u>, 14 N.Y.3d 198, 217, 925 N.E.2d 878, 890 (2010) (recognizing a "legitimate expectation of finality once the initial sentence has been served and the direct appeal has been completed (or the time to appeal has expired)"); <u>U.S. v. Rico</u>, 902 F.2d 1065, 1069 (2d Cir. 1990) (holding defendant had no expectation of finality in her sentence despite being sentenced erroneously to the time she already had served because government had statutory right to appeal and defendant's sentence was open to review).

Following these cases, we deny the motion to dismiss.