DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JAMES A. MOORE,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D22-298

_____

September 16, 2022

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for Hillsborough County; Michael S. Williams, Judge.

James A. Moore, pro se.

SILBERMAN, Judge.

James A. Moore appeals the order summarily denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because Moore's general sentence for his grand theft convictions is illegal, we reverse that portion of the

postconviction court's order and remand for resentencing. We affirm in all other respects.

Moore was charged with one count of armed burglary of a structure using a motor vehicle as an instrumentality causing damage in excess of $1,000.00 (count one) and thirty-five counts of grand theft of a firearm using a motor vehicle as an instrumentality (counts two through thirty-six). His lowest permissible sentence under the Criminal Punishment Code was sixty-six years in prison.

Moore entered into a substantial assistance agreement that provided, in relevant part, that Moore would plead guilty to all counts, sentencing would be postponed while he cooperated with the State in the investigation of illegal activities, and he would testify truthfully in any prosecutions arising from those investigations. The agreement also provided that the trial court would impose a downward departure sentence between eleven and twenty-years' imprisonment followed by ten years' probation plus court costs. However, if Moore breached the agreement by refusing to sufficiently cooperate or testify truthfully, he would not be permitted to withdraw his guilty plea and the trial court could sentence him up to the statutory maximum of life in prison.

2

After Moore breached the agreement the trial court sentenced him to forty years' imprisonment for the burglary concurrent with forty years' imprisonment for all of the grand thefts. Moore argues that this constituted an illegal general sentence as to all thirty-six counts.

A general sentence claim can be raised in a rule 3.800(a) motion. *See Holmes v. State*, 100 So. 3d 281, 282-83 (Fla. 3d DCA 2012). "[A] trial court may not impose a single general sentence to cover multiple counts." *Id.* at 283. "A general sentence aggregates all of the defendant's individual crimes into a new whole." *Dorfman v. State*, 351 So. 2d 954, 956 (Fla. 1977).

Moore is incorrect regarding his sentence as to the burglary. The court sentenced him on that count in a separate section of the sentencing order, apart from the other counts. Therefore, it was not part of a general sentence on multiple counts. The trial court's order is affirmed as to the burglary sentence.

As to the portion of the sentencing order addressing the thirty-five counts of grand theft, the court imposed an illegal general sentence. Rather than imposing an individual sentence for each grand theft count, the sentencing order imposed a single sentence

of forty years listing counts two through thirty-six. This sentencing scheme is similar to the general sentence that was discussed in *State v. Jimenez,* 173 So. 3d 1020, 1023 (Fla. 3d DCA 2015). There, the appellate court observed that Jimenez had initially been sentenced to an illegal general sentence of "sixty years as to Counts 1, 2, 3, and 4, and 364 days as to Counts 5, 6, and 7." *Id.* The court noted with approval that the trial court had "properly resentenced Jimenez by entering a separate, distinct sentence for each count." *Id.*

Here, the sentencing order included the following separate provision after a statement regarding credit for time served: "Sentence Status (EACH COUNT CONCURRENT)." That statement did not cure the trial court's failure to delineate a specific sentence for each count. The trial court's oral pronouncement of sentence was consistent with the written order. The trial court stated: "[What] I'm going to sentence you here today, sir, is to 40 years. I sentence you to 40 years." Thus, the oral pronouncement is similarly defective. *See Levy v. State,* 36 So. 3d 934, 935 (Fla. 2d DCA 2010) (reversing a general sentence and noting that "[t]he

written sentence is consistent with the court's pronouncement in imposing a general sentence").

Accordingly, the portion of the postconviction court's order denying Moore's claim as to the general sentence for the multiple grand theft counts is reversed. "[T]he remedy for such an error is not the withdrawal of the underlying plea, but a vacation of the general sentence and entry of a separate, distinct sentence for each of the individual counts." *Secong v. State*, 225 So. 3d 909, 912 (Fla. 3d DCA 2017) (alteration in original) (quoting *Holmes*, 100 So. 3d at 283). Thus, on remand, the postconviction court shall correct the general sentence. Based on the trial court's original sentencing intent, Moore's total sentences may not exceed forty years. *See Jimenez*, 173 So. 3d at 1024 n.4 (noting that consecutive sentences may be imposed to effect the court's intent at the original sentencing). Moore's presence is not required to correct the general sentence. *See Jordan v. State*, 306 So. 3d 341, 342 (Fla. 3d DCA 2020) ("Because [the defendant] has challenged only the general nature of the sentence imposed, [he] need not be present for re-sentencing.").

Affirmed in part, reversed in part, and remanded.

5

CASANUEVA and SLEET, JJ., Concur.

_____

Opinion subject to revision prior to official publication.