PER CURIAM.
Petitioner seeks discharge from custody pursuant to a petition for a writ of habeas corpus, claiming that the trial court violated her double jeopardy rights. The trial court originally placed petitioner in secure detention for 75 days for contempt of court in five cases, suspending the sentence. When petitioner violated community control, the trial court required her to serve 25 days of the suspended sentence. After petitioner had served the 25 days, and without any intervening misconduct, the trial court ordered petitioner to serve the remaining 50 days of her original suspended sentence, to ensure that she would be detained until she could be placed in a moderate risk facility. Although petitioner has now been placed, she argues that the double jeopardy issue raised by the trial court’s action is capable of repetition, yet evading review, and therefore should be addressed. See Holly v. Auld, 450 So.2d 217, 218 (Fla.1984). We agree.
The trial court in this case could have required petitioner to serve the entire suspended sentence based on her violation of community control. However, once the court sentenced her to serve 25 days of the original suspended sentence, the court could not increase petitioner’s penalty based on the same conduct. This is a clear violation of the double jeopardy clause, which prohibits multiple punishments for the same offense. See, e.g., Lippman v. State, 633 So.2d 1061 (Fla.1994) (double jeopardy protection against multiple punishments for the same offense prohibits extending a term of probation absent additional violations); Ruffin v. State, 589 So.2d 403 (Fla. 5th DCA 1991) (once a person begins to serve a lawful sentence, he may not thereafter be resentenced for an increased term of incarceration); Johnson v. State, 574 So.2d 222 (Fla. 5th DCA 1991)(once a defendant has commenced serving a valid sentence, the court cannot constitutionally again sentence the defendant for the same offense or make the original sentence more onerous). Accordingly, we disapprove the trial court’s imposition of additional punishment, which was clearly an attempt to avoid the statutory limitation on the term of secure detention which may be imposed. See A.W. v. State, 711 So.2d 598 (Fla. 5th DCA 1998) (term a child may be held in secure detention pending placement is restricted by section 985.215(10)(a)l, Florida Statutes).
We decline to address the issue regarding the stacking of terms of' secure detention raised by petitioner, as the basis for the original suspended sentence is unclear. We agree with the petitioner as to the double jeopardy issue, but the application for discharge is moot since petitioner is no longer being held in secure detention. Accordingly, the instant petition is dismissed as moot.
COBB, W. SHARP and THOMPSON, JJ., concur.