833 So.2d 237 (2002)
Charles WILLINGHAM, Appellant,
v.
STATE of Florida, Appellee.
Nos. 4D00-4339, 4D01-4758.
District Court of Appeal of Florida, Fourth District.
December 26, 2002.
Carey Haughwout, Public Defender, and Benjamin W. Maserang, Assistant Public Defender, West Palm Beach, for appellant.
Richard E. Doran, Attorney General, Tallahassee, and Sue Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals his sentences in two cases, raising two issues. We find the issue concerning his resentencing on the two misdemeanor charges worthy of a reversal. We affirm the trial court's application of the two hundred and thirty three (233) days time served in all other respects.
The defendant pled guilty to the sale and possession of cocaine after a jury conviction in another case for battery on a law enforcement officer, trespass, and possession of marijuana under twenty grams. During the sentencing hearing, the State asked for a total sentence of twelve years. Defense counsel asked for county jail time on the cocaine charges, but agreed that the sentences in the two cases were to run consecutively "as part of the plea."
The trial court sentenced the defendant to seven years on the battery on a law enforcement officer charge, and 233 days time served on the two misdemeanor charges. The court then sentenced the defendant to five years each on the sale and possession charges to run concurrent *238 to each other, but consecutive to the seven year sentence. The court instructed the defendant to step over to be fingerprinted and continued with his docket.
It is unclear how much time passed and whether the defendant ever left the courtroom. Nevertheless, the case was recalled sometime later, when the State advised the court that the seven year sentence on the battery on a law enforcement officer charge exceeded the possible maximum sentence of five years. The State then asked the court to resentence the defendant to five years on the battery charge and change the 233 days time served to one year county jail for each misdemeanor charge to run consecutively. The court agreed and resentenced the defendant. The defendant asked to withdraw his plea, but the court had the defendant removed and resentenced him in his absence.
The defendant argues that the trial court erred in resentencing him from time served on the two misdemeanor charges to one year each to run consecutively. He submits that his sentencing had come to an end and he had actually completed his sentence before the trial court recalled the case. Thus to resentence him violates the Double Jeopardy Clause. We agree.
"[W]here a sentence has already been served, even if it is an illegal sentence, the court lacks jurisdiction and would violate the Double Jeopardy Clause by resentencing the defendant to an increased sentence." Sneed v. State, 749 So.2d 545, 546 (Fla. 4th DCA 2000). As in Sneed, the defendant had actually served his sentence on the two misdemeanor charges upon completion of the sentencing hearing. The trial court properly corrected the illegal seven year sentence on the battery on a law enforcement officer charge. But, the court ran afoul of the Double Jeopardy Clause when it increased the sentence on the two misdemeanors from 233 days time served to consecutive one year sentences in an attempt to make up the two years it lost in reducing the seven year sentence on the battery charge.
The sentence is reversed on the two misdemeanor charges and the case is remanded to the trial court to vacate the consecutive one year sentences and reinstate the original 233 days time served sentence. We affirm on the second issue raised by the defendant concerning the extent to which the 233 days time served is applied to the other consecutive sentences. Daniels v. State, 491 So.2d 543 (Fla.1986).
GUNTHER and FARMER, JJ., concur.