CIKLIN, J.
 

 In this case, we are called upon to decide if Philip Mehl’s Fifth Amendment right to protection from double jeopardy was violated when the trial judge rescinded previously awarded jail credit. Because the lower court lacked the authority to sua sponte alter its previously an
 
 *1061
 
 nounced sentencing decision, we must remand this matter for entry of a written order which conforms to the orally pronounced judicial sentencing determination, including incarceration credit.
 

 Mehl pled no contest to thirty-seven (37) counts of unlawful sale of securities and forty-three (43) counts of sale of security without a license and was sentenced. On appeal, his sentence was reversed and remanded for new sentencing.
 
 Mehl v. State,
 
 958 So.2d 465 (Fla. 4th DCA 2007.)
 
 [1]
 
 On remand a new judge adjudicated Mehl guilty and orally sentenced him on four of the counts to consecutive five-year prison terms for a total of twenty years. In a deliberate exercise of its sentencing discretion, the court stated that Mehl was to receive jail credit of 1305 days on each of the four counts:
 

 [The Court]: My point is this that if he receives one thousand three hundred and five days credit on a say sixty month sentence and there’s four sentences, a twenty year sentence, the net effect of that would be approximately a three year, if he served a hundred percent of the sentence, approximately three years more from today’s date.
 

 [[Image here]]
 

 ... [H]e gets credit for thirteen hundred and five days off of each five year sentence, even if they’re consecutive he still gets credit for the time he’s been in the county jail on each count.
 

 [[Image here]]
 

 [Prosecutor]: Not if they’re consecutive. [The Court]: Even if they’re consecutive. The — the—you still get credit for the time. I’ll — I’ll impose a sentence, but I’m going to say this, it’s my belief that he will get thirteen hundred — I’m going to announce that he gets thirteen hundred and four days credit for each count....
 

 [[Image here]]
 

 ... Because of that it, I believe, will result in, although the sentence I’m going to impose may seem very long, I say this to all of you at this point, I believe the end result will be that it’s not excessively long. While I believe the sentence I am going to impose is appropriate, I think the end result is it’s going to be less than — than I anticipate and — and others anticipate because of the way the credit time served is going to work. That being said — so I want to make it clear that I — the sentence I’m going to impose, I would impose even if this weren’t a — even if the credit time served were not as I believe it to be. So I want to make that very clear.
 

 On the remaining seventy-six (76) counts the court imposed concurrent five-year prison terms, with probation to run consecutive to the imprisonment. On the day after the sentencing hearing was concluded (and the sentencing decision of the court announced), the court, on its own motion, sua sponte entered an “Order Correcting Sentencing/Credit Time Served” in which the court stated that the orally pronounced sentence had been “improper.” Accordingly, the court reduced the incarceration credit by finding that the 1305 days applied “to the entire [20 year] sentence, not to each count ...” The court also entered a separate written judgment and sentence that awarded Mehl 1305 days credit only as to count I.
 

 Thereafter, Mehl filed a motion asking the court to conform the written sentence
 
 *1062
 
 to the oral pronouncement made at the sentencing hearing.
 

 The motion was denied. Mehl now timely appeals and makes two arguments. He asserts that the trial judge’s order was not “illegal” in the first instance and therefore the lower court lacked jurisdiction to correct it under rule 3.800(a).
 
 [2]
 
 Second, he argues that the court violated Mehl’s Fifth Amendment right to protection against double jeopardy.
 
 [3]
 

 Original sentence not “illegal.”
 

 Mehl asserts that the trial court erred in denying his motion to conform the written sentence to the oral pronouncement because the trial court’s original sentence was not “illegal” and therefore could not be corrected to his detriment. In support of this argument, Mehl relies on
 
 Cunningham v. State,
 
 968 So.2d 119 (Fla. 4th DCA 2007). In Cunningham, the defendant was sentenced to nine years in prison following a conviction for grand theft and to a consecutive term of four years for burglary. The court awarded him 261 days credit for time served on each count. After Cunningham began serving his sentence, the Department of Corrections contacted the trial court and asked for clarification. In response, the judge wrote a letter indicating that the 261 day credit should be deducted from the total sentence only once. Cunningham filed motions to reinstate the originally awarded credit arguing that the court lacked jurisdiction to do what it did and suggested that the sentencing modification violated double jeopardy protection. The trial judge denied the motion. On appeal, Cunningham argued that even if the originally awarded credit was improper, the judge was prohibited from changing it, citing
 
 Wheeler v. State,
 
 880 So.2d 1260 (Fla. 1st DCA 2004) (holding that the rescinding of previously awarded jail credit is an enhancement of appellant’s sentence in violation of double jeopardy). This court agreed and determined that the trial court lacked jurisdiction to sua sponte reduce the amount of jail credit.
 

 Mehl also relies on
 
 Robinson v. State,
 
 757 So.2d 532 (Fla. 4th DCA 2000), to argue that only an “illegal” sentence can be altered under rule 3.800(a). There, Robinson pled guilty to trafficking in cocaine and was sentenced to five years’ probation. The trial court imposed the probationary sentence but withheld adjudication. The state filed a 3.800 motion to correct illegal sentence — because the applicable statute did not allow for a “withhold” in trafficking cases — and argued that the court lacked authority to withhold adjudication. The court agreed, adjudicated Robinson guilty, and resentenced him to five years’ probation. Robinson appealed and this court reversed the trial court because the original withhold of adjudication, though legally improper, was not an “illegal sentence.”
 

 Not all errors in sentencing result in an “illegal sentence” which can be corrected at any time. A sentence can be erroneous, or unlawful, but not illegal so as
 
 *1063
 
 to be remediable under Rule 3.800(a).
 
 See State v. Mancino,
 
 714 So.2d 429, 432 (Fla.1998) (citing
 
 Judge v. State,
 
 596 So.2d 73, 76-77 (Fla. 2d DCA 1991), which describes three categories of sentencing errors: (1) an “erroneous sentence” which can be corrected on direct appeal; (2) an “unlawful sentence” which can be corrected in a Rule 3.850 postconviction motion after an evi-dentiary hearing; and (3) an “illegal sentence,” which can be corrected at any time under rule 3.800(a)). The definition of an “illegal sentence” has evolved, and the Florida Supreme Court has adopted a “predictive definition” of what may constitute an illegal sentence.
 
 Carter v. State,
 
 786 So.2d 1173, 1181 (Fla.2001) (providing that a sentence is “illegal” if it “imposes a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances”).
 
 See also Wright v. State,
 
 911 So.2d 81, 83-84 (Fla.2005) (describing some of the errors that have been held to constitute an illegal sentence under Rule 3.800(a)).
 

 Mehl’s orally pronounced sentence was not an “illegal” sentence which could be changed under rule 3.800(a). Although the sentence may have been “improper,” it was certainly not “illegal.”
 
 [4]
 

 Double Jeopardy
 

 Mehl also argues that the trial court violated his Fifth Amendment protection against double jeopardy when it changed the sentence which Mehl had already begun to serve. Mehl cites
 
 Ashley v. State,
 
 850 So.2d 1265 (Fla.2003). There, on July 9, 1999, the trial judge found the defendant guilty of possession of a firearm by a convicted felon and sentenced him as a habitual felony offender to twenty-five (25) years in prison, with no minimum prison term noted. Even though the State sought to classify Ashley as a habitual violent felony offender, the prosecutor did not bring this to the court’s attention when the sentencing judge did not order the classification. Such a finding by the court would have allowed a minimum mandatory prison term. Three days later, on July 12, 1999, Ashley reappeared in court and the judge orally resentenced him to twenty-five years as a habitual
 
 violent
 
 felony offender, and for the first time, imposed a ten-year minimum mandatory term. Ashley appealed, arguing that the resentenc-ing constituted a double jeopardy violation because it was greater than the original July 9 oral pronouncement. The district court rejected Ashley’s claim, finding that the trial court’s failure to classify Ashley as a
 
 violent
 
 felony offender “was the result of a simple mistake.” On petition for review, the Florida Supreme Court quashed his sentence, explaining that once sentence has been imposed and the person begins to serve the sentence, jeopardy attaches. The Court opined:
 

 Once a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy principles.
 
 See, e.g., Lippman v. State,
 
 633 So.2d 1061 (Fla.1994);
 
 Clark v. State,
 
 579 So.2d 109 (Fla.1991);
 
 N.H. v. State,
 
 723 So.2d 889 (Fla. 5th DCA 1998). To do so is a clear violation of the Double Jeopardy Clause, which prohibits multiple punishment for the same offense.
 
 See State v. Wilson,
 
 680 So.2d 411, 413 (Fla.1996).
 

 Ashley,
 
 850 So.2d at 1267.
 

 Accordingly, we remand this matter to the trial court to re-impose the orally pro
 
 *1064
 
 nounced sentence including the originally-ordered credit to be applied to Mehl’s prison term.
 

 Reversed and remanded.
 

 FARMER and HAZOURI, JJ., concur.
 

 [1]
 

 . This court held that the state's breach of a plea agreement warranted a remand for re-sentencing before a different judge.
 

 [2]
 

 . Although not expressly provided in its written order correcting sentence, we presume the trial court entered this order under the purported authority of rule 3.800(a), Fla. R.Crim. P. which permits a court "at any time [to] correct an illegal sentence imposed by it
 

 [3]
 

 . Mehl calculates that he was sentenced to a total of 7300 days (4 convictions x 5 years x 365 days) and argues that he was due the orally pronounced credit of 5220 days (1305 days x 4 counts). Thus he asserts that the total sentence, after the reduction for time served, should have been 2080 days (7300 — 5220 = 2080). The record before us confirms these calculations. By entering its subsequent order of correction, the trial court, in essence, increased Meld's sentence by 3915 days.
 

 [4]
 

 . The trial court’s originally pronounced sentence may not have even been ''improper.” While the trial judge was
 
 required
 
 to award jail credit on only one of the consecutive sentences, the award of anything above and beyond that was within the discretion of the sentencing judge.
 
 See Canete v. Florida Dep't of Corr.,
 
 967 So.2d 412 (Fla. 1st DCA 2007).