STEVENSON, J.
The Appellant, Steven Joseph Kopson, was driving with a suspended license when he struck two pedestrians, killing one and causing serious bodily injury to the other, also hitting an unoccupied vehicle. Kop-son entered an open plea of guilty to seven counts, including DUI manslaughter with unlawful blood-alcohol level (UBAL) (count I), DUI manslaughter (impairment) (count II), DUI with serious bodily injury (count III), DUI with serious bodily injury (UBAL) (count IV), felony DUI based upon a fourth conviction (count V), DWLS causing death (count VI), and DUI with property damage (count VII). His blood alcohol levels were .39 and .37. Kopson had four prior DUIs stemming from three different criminal episodes. The trial court adjudicated Kopson guilty on all counts.
The trial court suspended sentences on counts I, IV, and VI on double jeopardy grounds; however, it was fundamental error to adjudicate Kopson guilty on all counts. See Ivey v. State, 47 So.3d 908 (Fla. 3d DCA 2010). Count VI violates double jeopardy in relation to count II because a defendant cannot be convicted of both DUI manslaughter and DWLS causing death where there is only a single death; count IV violates double jeopardy in relation to count III because a defendant cannot be convicted of both DUI with serious bodily injury while impaired and DUI with serious bodily injury with an unlawful blood alcohol level under the same statute; and count I violates double jeopardy in relation to count II because a *171 defendant cannot be convicted of DUI manslaughter twice for the same death. See State v. Cooper, 634 So.2d 1074, 1074-75 (Fla.1994). We direct the trial court on remand to vacate the adjudications on counts I, IV, and VI. Resentencing is also necessary as the trial court erroneously believed it did not have discretion to grant Kopson’s motion for a downward departure. See Colletta v. State, 126 So.3d 1090 (Fla. 4th DCA 2012); State v. Chubbuck, 83 So.3d 918 (Fla. 4th DCA 2012); Ficklin v. State, 686 So.2d 708, 709-10 (Fla. 1st DCA 1996).

Affirmed in part; Reversed in part; and Remanded for new sentencing hearing.

WARNER and POLEN, JJ., concur.