DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**STEVEN JOSEPH KOPSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-1610

[October 15, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ilona M. Holmes, Judge; L.T. Case No. 08010013CF10A.

Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

In appealing his resentencing for several convictions, including DUI manslaughter, appellant claims that the trial court violated double jeopardy by increasing his original sentence. The increase occurred because of the application of jail credit. In his original sentence, the court applied jail credit to each of his consecutive sentences. In resentencing, the court acknowledged that this was legally erroneous and applied the credit to only the first of the consecutive sentences. We affirm because the court can correct an erroneous award of jail credit in a new sentencing proceeding without violating double jeopardy principles.

In *Kopson v. State*, 125 So. 3d 169, 170 (Fla. 4th DCA 2013), we directed the trial court to vacate various counts on double jeopardy grounds. We remanded to the trial court to conduct a new sentencing proceeding, because in the original proceeding the trial court had erroneously believed that it had no discretion to grant Kopson's motion for a downward departure. On resentencing, the trial court refused to downwardly depart.

At the state's urging, however, the court changed the application of jail credit. On the original sentence, the court had ordered jail credit of 1029 days on each of the various counts against him, which were to be served consecutively. On resentencing, the court agreed with the state that jail credit on consecutive sentences was legally erroneous, relying on *Steadman v. State*, 23 So. 3d 811, 813 (Fla. 2d DCA 2009) (defendant sentenced to consecutive sentences is not entitled to jail credit on each sentence). Over appellant's objection, the court provided for jail credit only on the first sentence. This results in an increase in the time that appellant has to serve, over what he would have served on the original sentence.

Kopson claims that the increase in his sentence violates double jeopardy, relying on *Bailey v. State*, 777 So. 2d 995 (Fla. 2d DCA 2000). In *Bailey*, the trial court had corrected the award of jail credit more than sixty days after the sentence was imposed. The defendant filed a motion to correct an illegal sentence, which was denied. On appeal, the court held that the trial court violated double jeopardy and had no authority to rescind jail credits, even if the original award was improper. *Bailey*, however, did not involve a resentencing, which is a *de novo* proceeding.

Because the correction of jail credits in this case occurred upon resentencing, we find that *Williams v. State*, 124 So. 3d 286 (Fla. 2d DCA 2013), provides the proper analysis. The *Williams* court held that correction of jail credits on resentencing, even if it results in a harsher sentence, does not violate double jeopardy. The court explained:

> We conclude that because resentencing is a new proceeding, the court may essentially start afresh in the sentencing process and apply jail credit as in an original sentencing. *See, e.g.*, *State v. Collins*, 985 So. 2d 985, 989 (Fla. 2008) (noting that "a resentencing must proceed as an entirely new proceeding and . . . should proceed *de novo* on all issues bearing on the proper sentence" (citation and internal quotation marks omitted)). Even if the new sentence could be considered harsher than the original one, double jeopardy is not implicated because "it does not offend double jeopardy principles to resentence a defendant to a harsher term when the original sentence was invalid." *Johnson v. State*, 53 So. 3d 360, 362 (Fla. 5th DCA 2011).

*Id.* at 288 (footnote omitted).

A harsher sentence upon resentencing does not violate double jeopardy when the prisoner has no "legitimate expectation of finality" in the

sentence. *Dunbar v. State*, 89 So. 3d 901, 905 (Fla. 2012). *Dunbar* relied on *Harris v. State*, 645 So. 2d 386 (Fla. 1994), in which a defendant was sentenced without the trial court imposing a habitual offender sentence. He appealed his conviction and sentence, and while on appeal the supreme court issued an opinion which clarified that habitualization should have been imposed for a defendant in Harris's circumstances. After Harris succeeded in his appeal on other grounds, the trial court on remand imposed a habitual offender sentence, prompting Harris to appeal, claiming a violation of double jeopardy. The court rejected his claim, because he had no expectation in the finality of his sentence when he sought reversal of his sentence on appeal. *Harris*, 645 So. 2d at 388.

Similarly, in this case, the court erred when it originally imposed a sentence awarding the same jail credit on each consecutive sentence. It acknowledged that error in resentencing and awarded the jail credit as it should have done in the original proceeding, relying on *Steadman*, which had been decided subsequent to the original sentencing in this case. The trial court noted that this court had ordered a new sentencing proceeding, thus giving the court jurisdiction to enter the correct jail credit. Procedurally, this case is no different than *Harris.* Appellant had no expectation of finality in the original sentence.

The appellant also argues that his harsher sentence is presumed to be vindictive and violative of due process under the principles of *North Carolina v. Pearce*, 395 U.S. 711 (1969), *partially overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 801 (1989). In *Pearce*, the court held that due process prevents vindictiveness in sentencing a defendant after a successful appeal.

> In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.

*Id.* at 726.

Because the original sentence was not a valid sentence, as it improperly awarded jail credit to be applied to each consecutive sentence, even if there is a presumption of vindictiveness under *Pearce*, we conclude that the presumption was clearly rebutted. The trial court merely corrected a legal error at resentencing, as demanded by the state. According to the

transcript, this was not the first time the issue was raised. After the original sentence was imposed, the state filed a motion to clarify the sentence on the very issue of the award of jail credit, upon which the trial court indicated it had not ruled because of the pendency of the appeal. Jurisdiction having returned to the trial court to conduct a new sentencing proceeding, the court understood that case law required it to award jail credit only on the first of consecutive sentences. The reason for increasing appellant's sentence affirmatively appears on the record and has nothing to do with vindictiveness. *See Texas v. McCullough,* 475 U.S. 134, 138-39 (1986).

For the foregoing reasons, we conclude that the court did not err in its award for jail credit. We therefore affirm the appellant's sentence.

CONNER and KLINGENSMITH, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

4