PER CURIAM.
Steven Kopson appeals the denial of his motion to correct illegal sentence. We reverse and remand because his sentence in count VII expired before the trial court changed the application of jail credit upon resentencing. We reject his second argument without further discussion.

Background

In 2008, Kopson was charged with seven counts arising from a driving under the influence accident (“DUI”) in which he killed one pedestrian, seriously injured another, and struck an unoccupied ear. In 2011, he entered an open plea. The trial court adjudicated him guilty on all seven counts but suspended the sentences on three counts, believing this cured any double jeopardy violation. On counts II, III, V, and VII, the court imposed consecutive sentences totaling nearly 26 years’ incarceration.
Relevant to the instant case is Kopson’s sentence for count VII: 364 days in jail for DUI with property damage. Although the sentence for count VII was ordered to run consecutive to all other sentences, the sentencing court declared that, with the application of 1058 days of jail credit, “[basically, the defendant is time-served on the DUI [with] property damage.” The written judgment also reflects that a 364-day sentence was imposed in count VII with credit for 1058 days of time served.

First Appeal

In Kopson’s direct appeal, we held that adjudicating Kopson guilty on all seven *1072 counts violated double jeopardy. Kopson v. State, 125 So.3d 169, 170 (Fla. 4th DCA 2013) (Kopson I). Therefore, we ordered the trial court to vacate the adjudications on the three counts in which it had originally suspended sentence. Id. at 171. In addition, we ordered resentencing on the ground that the trial court mistakenly believed it had no discretion to grant Kopson’s motion for a downward departure. Id.
In April of 2013, the trial court vacated the 2011 judgment and sentence, and re-sentenced Kopson to the samé aggregate 26 years of incarceration on counts II, III, V, and VII. However, the trial court changed the application of jail credit from the original sentence.
Upon the state’s request, the trial court awarded jail credit only as to count II, the first of Kopson’s consecutive sentences. See Steadman v. State, 23 So.3d 811, 813 (Fla. 2d DCA 2009) (providing that, when consecutive sentences are imposed, a defendant is entitled to jail credit only on the first of the consecutive sentences). See also Mehl v. State, 16 So.3d 1060, 1063 n. 4 (Fla. 4th DCA 2009) (“While the trial judge was required to award jail credit on only one of the consecutive sentences, the award of anything above and beyond that was within the discretion of the sentencing judge.” (emphasis in original)).

Second Appeal

In his appeal from this resentencing, Kopson argued, among other things, that the trial court “violated double jeopardy by increasing his original sentence.” Kopson v. State, 162 So.3d 93, 94 (Fla. 4th DCA 2014) (Kopson II). The increase occurred by virtue of the trial court rescinding the jail credit it previously awarded in counts III, V, and VTI.
Nevertheless, this court affirmed Kop-son’s new sentence. In Kopson II, we explained that, although the trial court originally “applied jail credit to each of his consecutive sentences,” the court could readdress the “award of jail credit in a new sentencing proceeding without violating double jeopardy principles.” Id. We concluded that Kopson had no “legitimate expectation of finality” in his initial sentence because resentencing was a de novo proceeding. Id. at 95 (quoting Dunbar v. State, 89 So.3d 901, 905 (Fla.2012)).

Motion to Correct Illegal Sentence

Following his second appeal, Kopson filed a rule 3.800(a) motion, arguing that his 364-day sentence in count VII expired immediately upon its pronouncement in 2011 given the amount of jail credit awarded on that count. Relying on State v. Jimenez, 173 So.3d 1020 (Fla. 3d DCA 2015), Kopson contended that the trial court forever lost jurisdiction to sentence him on count VII even if his initial sentence was somehow improper due to the application of jail credit.
The trial court denied Kopson’s motion based on the state’s response, which argued that our decision in Kopson II was the law of the case regarding any double jeopardy issue with the application of jail credit. This appeal follows.
In its response filed in this Court, the state contends that Kopson’s initial 364-day sentence in count VII never expired because the trial court ordered that sentence to run consecutively to all the other sentences. The state further asserts that Kopson had no legitimate expectation of finality in his initial sentence. Finally, the state argues that Jimenez is distinguishable because it did not concern the imposition of consecutive sentences.

Analysis

We acknowledge that, in Kopson’s appeal from resentencing, he challenged the trial court’s reallocation of jail credit on double jeopardy grounds. However, Kop- *1073 son’s argument at the time was predicated upon the blanket removal of jail credit in three counts — not upon an expired sentence in one count. Moreover, our opinion in Kopson II does not distinguish between “the various counts against him.” 162 So.3d at 95.
Kopson now argues for the first time that the sentence he received in count VII upon resentencing is illegal because his initial sentence in that count expired upon the trial court’s pronouncement in 2011. Because Kopson II did not actually decide this question, the law of the case doctrine is inapplicable. See State v. McBride, 848 So.2d 287, 289-90 (Fla.2008). Pursuant to Florida Rule of Criminal Procedure 3.800(a)(1), a court may correct an illegal sentence “at any time.”
With regard to expired sentences, this Court has stated: “[WJhere a sentence has already been served, even if it is an illegal sentence, the court lacks jurisdiction and would violate the Double Jeopardy Clause by resentencing the defendant to an increased sentence.” Sneed v. State, 749 So.2d 545, 546 (Fla. 4th DCA 2000) (emphasis added) (reversing and remanding for prison sentence to be vacated where the trial court mistakenly thought offenses were misdemeanors and sentenced the defendant to time served but increased the sentence the next day). In contrast, regarding active sentences, we have stated: “Where a sentence still being served by a defendant is vacated on his motion, he cannot complain if he is later sentenced to punishment harsher than that originally imposed.” Palmer v. State, 182 So.2d 625, 626 (Fla. 4th DCA 1966) (emphasis added) (citations omitted).
Florida courts haye consistently applied the rule applicable to expired sentences. See Jimenez, 173 So.3d at 1024; Clark v. State, 72 So.3d 222, 226 n. 2 (Fla. 2d DCA 2011); see also Willingham v. State, 833 So.2d 237, 238 (Fla. 4th DCA 2002) (determining that, although the trial court properly corrected an'illegal sentence on one count, it “ran afoul of the Double Jeopardy Clause when it increased the sentence on the two misdemeanors from 233 days time served to consecutive one year sentences”).
In Jimenez, the defendant was initially sentenced to a general sentence of 60 years’ imprisonment on. the first four counts and to a total of 364 days as to the last three counts. 173 So.3d at 1022. More than four years later, Jimenez filed a rule 3.800(a) motion asserting his “general sentence was not properly apportioned, and was therefore illegal.” Id. The trial court agreed and resentenced him so that his individual sentences .were consecutive and still totaled 60 years. Id. However, as part of the resentencing,, the trial court sentenced Jimenez to five years in prison on two counts — counts six and seven — in which he was initially sentenced to 364 days in total. Id.
Jimenez subsequently filed another rule 3.800(a) motion that claimed, among other things, his increased sentence in counts six and seven violated double jeopardy because the initial 364-day sentence was fully satisfied. Id. at 1023. The trial court eventually agreed and reduced Jimenez’s sentences as to those counts. Id. at 1025.
On appeal, the Third District first noted that Jimenez’s 60-year general sentence on counts one through four was illegal and “had not been fully served” before he was “properly resentenced.” Id. at 1024. The court explained: “[BJecause a legal sentence had not been initially imposed, jeopardy did not attach, and the trial court had jurisdiction to amend the sentence to apportion it to run consecutively among Counts [one] through [four].” Id. However, the court held that resentencing Jimenez on counts six and seven did violate *1074 double jeopardy because, by the time of the resentencing, “he had already fully satisfied” the initial sentence of 364 days. Id. at 1025.
The circumstances in the present case are materially indistinguishable from those in Jimenez. Kopson was initially sentenced in 2011 to 15 years in count II, a consecutive five years in count III, a consecutive five years in count V, and a consecutive 364 days in count VII. More than 1000 days of jail credit were applied to each count. Both the 2011 oral pronouncement of sentence and the written judgment reflect that the trial court imposed a time-served sentence on count VII.
We now conclude that the trial court lacked jurisdiction to resentence Kopson as to count VII because “[a]s in Sneed, the defendant had actually served his sentence on the [one] misdemeanor charge[] upon completion of the sentencing hearing.” Willingham, 833 So.2d at 238. By the time the trial court realized it awarded jail credit on each of the consecutive sentences, Kopson’s sentence on count VII had already been served. To be clear, the trial court could readdress the jail credit it awarded as to counts II, III, and V at resentencing because the sentences on those counts had not yet expired.
On remand, we direct the trial court to vacate the consecutive 364-day sentence in count VII and reinstate the original time-served sentence. Kopson need not be present for entry of the corrected sentence. See Jimenez, 173 So.3d at 1025.

Reversed and remanded.

CIKLIN, C.J., GERBER and FORST, JJ., concur.