# Third District Court of Appeal

## State of Florida

Opinion filed April 15, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-692
Lower Tribunal Nos. 16-2776, 18-1081
_____

**J.A., a juvenile,**
Petitioner,

vs.

**Kevin Housel, etc., et al.,**
Respondents.


A Case of Original Jurisdiction – Habeas Corpus.

Carlos J. Martinez, Public Defender, and Deborah Prager, Assistant Public Defender, for petitioner.

Ashley Moody, Attorney General, and Jeffrey R. Geldens, Assistant Attorney General, for respondent State of Florida.


Before EMAS, C.J., and SCALES and LINDSEY, JJ.

PER CURIAM.

J.A., a juvenile, files this petition, seeking issuance of a writ of habeas corpus and contending that J.A. is being held illegally in secure detention. For the reasons that follow, we grant the petition.

During the pendency of a juvenile delinquency proceeding, the trial court held J.A. in contempt for violating a "do not run" order by running away from home and remaining away from home for ten days. The trial court sentenced J.A. to serve 100 days in secure detention. See § 985.037, Fla. Stat. (2019).[1]

Several weeks later, however, J.A.'s counsel located a treatment program that would accept J.A. as a patient, ultimately securing her placement at Agape, a residential psychiatric and substance abuse program.

On January 28, 2019, the trial court granted J.A.'s request to enter the Agape residential treatment program, and expressly pronounced that her 100-day contempt sentence was mitigated to the twenty-four days J.A. had already served in secure detention. The trial court ordered J.A. to be released to the custody of Agape during her treatment, and ordered that, following her treatment at Agape, J.A. was to be released to the custody of her mother.

The mitigated sentence was not conditioned upon J.A. performing any required act, such as the successful completion of the Agape treatment program. The State was present for, but did not object to, the court's order mitigating

---

[1] This Court upheld J.A.'s contempt sentence in J.A. v. Housel, 44 Fla. L. Weekly D286 (Fla. 3d DCA Jan. 25, 2019).

the    sentence to the twenty-four days already served by J.A.  Pursuant to the trial

court's order, the Department of Juvenile Justice released J.A. to the custody of

Agape the following day.

On April 5, 2019, the trial court was notified that Agape discharged J.A.

from the program due to inappropriate relationships with other patients.   The trial

court concluded that this constituted grounds to take J.A. back into custody to

serve the remainder of her original contempt sentence. Defense  counsel  objected

to   this    on   double  jeopardy  grounds, explaining  that  J.A.'s  sentence  (as

mitigated by the trial court) had already been served.

The trial court rejected defense counsel's argument and took J.A. into

custody, ordering her to serve the remainder of her 100-day sentence until its

expiration on April 19, 2019.

Because the trial court mitigated J.A.'s 100-day sentence to the twenty-four

days already served in secure detention, and attached no conditions, the trial court

was without authority to "reimpose" any portion of the original 100-day sentence

following J.A.'s unsuccessful discharge from Agape.[2]   In other words, once the

trial court mitigated the sentence from 100 days of secure detention to "time

---

[2] The trial court could have permitted J.A. to continue serving her 100-day contempt sentence at Agape, upon the condition that J.A. comply with all of Agape's rules and successfully complete the program.  Had the trial court done this, it then could have deferred ruling on the motion to mitigate until J.A. successfully completed her treatment.

served", J.A. had completed serving her sentence and that sentence could not thereafter be increased by the trial court. See Rodriguez v. State, 899 So. 2d 471, 474 n. 5 (Fla. 3d DCA 2005); Comtois v. State, 891 So. 2d 1130 (Fla. 5th DCA 2005); N.H. v. State, 723 So. 2d 889 (Fla. 5th DCA 1998).

We therefore grant the petition.[3]

---

[3] This court treated the petition as an emergency and, following review of the petition and the State's expedited response, issued a clerk's order granting the petition and directing the immediate release of J.A. from secure detention. We indicated in that clerk's order that this opinion would follow. Because J.A. has already been released from secure detention, we grant the petition but withhold formal issuance of the writ.