DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAKARIS TAYLOR,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-950

[November 12, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Krista Marx, Judge; L.T. Case No. 502007CF010255C.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals a sixty-five-year sentence imposed upon resentencing. He argues the court violated his double jeopardy rights by resentencing him on two counts he had already served, and in accepting and relying on the victim's unsworn statement at sentencing. We agree with him on the first issue and reverse but affirm the remaining sentences without further comment.

The State charged the defendant with fourteen counts: (I) burglary with assault or battery with a firearm while wearing a mask; (II) kidnapping with a firearm while wearing a mask; (III) kidnapping a child under the age of thirteen with a firearm while wearing a mask; (IV-XI) sexual battery by multiple perpetrators with a firearm; (XII) promoting the sexual performance of a child with a firearm while wearing a mask; (XIII) grand theft of a motor vehicle with a firearm while wearing a mask; and (XIV) impairing or impeding telephone. The State nolle prossed count XIV. The defendant proceeded to trial on the remaining counts.

The jury convicted him of counts I through XII, and on count XIII of the lesser-included offense of grand theft of a motor vehicle. The trial court sentenced the defendant on counts I through XI to concurrent life imprisonment terms. The trial court sentenced him to concurrent terms of 818 days incarceration with credit for 818 days-time-served on counts XII and XIII ("2009 sentence").

While the defendant's appeal was pending, the United States Supreme Court decided *Graham v. Florida*, 560 U.S. 48, 82 (2010) ("The Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide."). The defendant moved to correct his sentence under Florida Rule of Criminal Procedure 3.800(b)(2). He argued his life sentences on counts I through XI were illegal under *Graham* because he was fifteen years old at the time the crimes were committed. The trial court granted his motion and conducted a resentencing hearing.

The trial court resentenced the defendant on counts I through XI to concurrent sentences of sixty years with ten-year mandatory minimums on each count. For count XII, the trial court sentenced him concurrently to thirty years imprisonment with a ten-year mandatory minimum. For count XIII, the trial court sentenced him concurrently to five years in prison without a mandatory minimum. The trial court credited him 1,574 days on each count ("2011 sentence").

The defendant again appealed, arguing the 2011 sentence was unconstitutional under *Graham* and the sentencing statutes because it constituted a *de facto* life sentence without the opportunity for parole. His appeals were consolidated. We affirmed the judgment and sentence but certified the following questions to the Supreme Court of Florida.

1. Does *Graham v. Florida*, 560 U.S. 48 (2010), apply to lengthy term-of-years sentences that amount to de facto life sentences?

2. If so, at what point does a term-of-years sentence become a de facto life sentence?

The supreme court quashed our decision and remanded for "resentencing in light of the decisions *Henry v. State*, 175 So. 3d 675 (Fla. 2015) and *Gridine v. State*, 175 So. 3d 672 (Fla. 2015)." *Taylor v. State*, 41 Fla. L. Weekly S453 (Fla. 2016).

- ***The Resentencing Hearing***

2

At resentencing on remand, the State called the special victims unit detective that led the investigation in the defendant's case. The detective testified this was the most heinous case she'd ever investigated in her twenty years with the department. She testified that she often kept in contact with the victims, who "to this day suffer the horrific ill effects of that long night," continue to attend counseling and doctors' appointments, and still suffer "[v]ery serious" physical lingering effects.

The detective then informed the court that one of the victims could not be present due to a physical issue and her emotional state. The detective brought the victim's unsworn letter to the defendant that she wanted "the [c]ourt to hear from her own words about the case."

The defendant objected, arguing the letter contained medical diagnoses and things for which there was no evidentiary support, and any probative value was outweighed by its prejudicial effect. The trial court overruled the objection but agreed to disregard the letter's reference to the victim's medical condition.

The trial court entered a written order. The court found the defendant was an active, willing participant in a "violent and brutal" crime with the mental capacity and aptitude to know the gravity of his "unspeakable and horrific" crimes. The "overwhelming evidence" demonstrated the defendant did not suffer from any intellectual disability or neurological impairment. He was raised in a loving and supportive family environment, despite his immaturity. The trial court's written order also provided:

> Both [the victim] and her young son [] were violently attacked in their home by the [d]efendant and his co-defendants. Testimony at trial included that [the defendant] pointed a 45 caliber handgun at [the] 12 year old [son] and forced the boy's mother to perform sex acts upon her son. According to the victim impact statement, nearly a decade later both victims continue to receive physical and psychological care as a result of injuries sustained in this attack. This was a crime that stunned the community.

The court resentenced the defendant as follows:

- Count I to XI: Sixty years imprisonment with 4,235 days jail credit and a 10-year mandatory minimum.

3

- Count XII: Thirty years imprisonment with 4,235 days jail credit and a 10-year mandatory minimum to run concurrent with "the sentence imposed in count [XII] [sic]."

- Count XIII: Five years imprisonment with 4,235 days jail credit or time served to "run consecutive with the sentence imposed in count[s] [I–XI]."

- Judicial review after twenty years of the sentence has been served, "pursuant to section 921.1402(2)(d), [Florida Statutes]."

("2019 sentence").

The defendant moved under Florida Rule of Criminal Procedure 3.800(b)(2) to correct the new sentence, arguing the trial court "violated double jeopardy by resentencing him on [c]ounts XII and XIII, since he had already served those sentences in 2009." The defendant requested the trial court "vacate the 2019 sentences imposed on [c]ounts XII and XIII, and reinstate the 2009 sentences of 818 days' incarceration for those counts."

The State failed to respond as directed. The motion was procedurally denied as a result. The defendant again moved under Florida Rule of Criminal Procedure 3.800(b)(2) to "strike the mandatory minimum enhancements for his sentences on [c]ounts I through XII." The trial court granted the second motion and vacated the mandatory-minimum sentences imposed on counts I through XII.

From his sentence and the denial of his first 3.800 motion, the defendant now appeals.

- ***The Double Jeopardy Issue***

The defendant argues the trial court erred in violating his double jeopardy rights in resentencing him to thirty years on count XII and five years on count XIII because he had already served those sentences at the time of resentencing. The State responds the trial court did not err because: 1) the defendant's double jeopardy argument is barred by the law of the case doctrine; and 2) jeopardy did not attach to either count because the original sentence was deemed illegal. We agree with the defendant.

4

We have de novo review of sentencing errors. *Levandoski v. State*, 217 So. 3d 215, 218 (Fla. 4th DCA 2017).

The State first argues the defendant's claim on count XII is barred by the law of the case doctrine because the defendant failed to object to the sentence when imposed in 2011 and we affirmed the sentence on appeal. We disagree.

The law of the case doctrine is a principle of judicial estoppel that requires "questions of law **actually decided** on appeal [to] govern the case in the same court and the trial court, through all subsequent stages of the proceedings." *Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 105 (Fla. 2001) (emphasis added).

In 2016, the Supreme Court of Florida quashed our affirmance of the defendant's 2009 and 2011 sentences and remanded for resentencing based on *Henry*, 175 So. 3d 675, and *Gridine*, 175 So. 3d 672. *Taylor*, 41 Fla. L. Weekly S453 at *1. Because the prior appeal did not raise double jeopardy concerns, the law of the case doctrine does not bar the defendant from raising the argument now. *See e.g.*, *Juliano*, 801 So. 2d at 106 (quoting *Wilder v. Punta Gorda State Bank*, 129 So. 865, 866 (1930)) ("[T]he law of the case doctrine 'has no applicability to, and is not decisive of, points presented upon a second writ of error that were not presented upon a former writ of error and consequently were not before the appellate court for adjudication.'").

On the merits, the defendant argues the trial court erred in resentencing him on counts XII and XIII because he already served his sentence at the time of resentencing. The State responds the trial court could resentence the defendant because the original sentence was invalid. Our decision in *Willingham v. State*, 833 So. 2d 237, 238 (Fla. 4th DCA 2002) resolves the issue.

"[W]here a sentence has already been served, even if it is an illegal sentence, the court lacks jurisdiction and would violate the Double Jeopardy Clause by resentencing the defendant to an increased sentence." *Id.*

In *Willingham*, the defendant pled guilty to the sale and possession of cocaine in one case after a jury conviction in another case. *Id.* at 237. The defendant was sentenced to seven years on a battery charge with 233 days credit for time served on two misdemeanor charges, and five years each on the sale and possession charges to run concurrently with one another, but consecutive to the seven-year sentence. *Id.* at 237–38.

"The court instructed the defendant to step over to be fingerprinted and continued with his docket." *Id.* at 238. Although it was not confirmed whether the defendant left the courtroom, the case was later recalled because the seven-year sentence on the battery charge exceeded the maximum sentence permitted. *Id.* To make up for the reduction in the battery sentence, the trial court resentenced the defendant from time served on the two misdemeanor charges to one year each consecutively. *Id.* We held the increased sentences violated the Double Jeopardy Clause because the original sentences on the misdemeanor charges were completed before the trial court recalled the case. *Id.*

Here too, the defendant was sentenced in 2009 to 818 days on counts XII and XIII to run concurrently with 818 days credit. By the end of his sentencing hearing, the two sentences were served. The resentencing in 2011, increasing the sentences on count XII to thirty years concurrently and on count XIII to five years consecutively to counts I through XI, violated the Double Jeopardy Clause. *See also Kopson v. State*, 199 So. 3d 1071, 1074 (Fla. 4th DCA 2016) (holding the trial court "lacked jurisdiction to resentence [the defendant] as to count VII because . . . [']the defendant had actually served his sentence on the [one] misdemeanor charge[] upon completion of the sentencing hearing.'"). Simply put, the trial court here also lacked the jurisdiction to resentence the defendant on counts where he had already completed his sentence.

We therefore reverse and remand the case to the trial court to reinstate the initial 818-day sentences with credit for 818 days served on counts XII and XIII. We affirm the remaining sentences without further comment.

*Affirmed in part and reversed in part and remanded for correction of the sentence on counts XII and XIII.*

GROSS and KUNTZ, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**