DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTHONY SMALL, JR.,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-3217

[April 1, 2026]

Appeal of order denying rule 3.801 motion from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; William Loy Roby, Judge; L.T. Case Nos. 432023000829CFAXMX, 432023001108CFAXMX, and 432024000047CFAXMX.

Anthony Small, Jr., Milton, pro se.

James Uthmeier, Attorney General, Tallahassee, and Sabina Fernandez, Assistant Attorney General, West Palm Beach, for appellee.

### ON CONFESSION OF ERROR

PER CURIAM.

Defendant, Anthony Small, Jr., appeals a trial court's order on his Florida Rule of Criminal Procedure 3.801 motion for correction of jail credit. We find error as to only one of the three sentences at issue below.[1] As to lower court case number 432023CF000829A, the trial court erroneously split pre-sentence jail credit between two counts ordered to run consecutively, when credit should have been awarded only on count one. We therefore reverse and remand for correction of the judgment and sentence for case number 432023CF000829A. We affirm without comment the other two sentences.

---

[1] We find no error as to the trial court's order on jail credit for lower court cases 432023CF001108A and 432024CF000047A.

In case number 432023CF000829A, the trial court sentenced Defendant to 60 months in prison for count one (possession of a substituted cathinone) and 365 days for count two (driving with license suspended with a prior conviction) to run <u>consecutively</u>. Although Defendant was entitled to 470 days' credit for time served, the trial court split the total credit by awarding 105 days for count one and 365 days for count two.

The State conceded error below, asserting that the trial court should have awarded Defendant 470 days' credit on <u>count one</u>.[2] This is correct. *See Canete v. Fla. Dep't of Corrs.*, 967 So. 2d 412, 415-16 (Fla. 1st DCA 2007) ("[A] defendant who is convicted of multiple offenses and sentenced to consecutive terms of imprisonment must be given presentence jail credit *only on the first of the consecutive sentences.*") (emphasis added) (citations omitted); *Steadman v. State*, 23 So. 3d 811, 813 (Fla. 2d DCA 2009) (determining that a defendant who receives consecutive sentences "must be given presentence jail credit *only on the first of the consecutive sentences*") (emphasis added) (citations omitted); *Kopson v. State*, 162 So. 3d 93, 96 (Fla. 4th DCA 2014) (acknowledging that a sentence applying jail credit to each consecutive sentence is not a valid sentence, rather, jail credit must be awarded to only the first of consecutive sentences).

Accordingly, we reverse and remand for correction of jail credit as to case number 432023CF000829A to reflect 470 days of credit on count one.

*Affirmed in part, reversed in part and remanded.*

MAY, FORST and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely-filed motion for rehearing.**

---

[2] The State did not concede error on appeal in response to this Court's order to show cause.